UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSVALDO MARTINEZ CARDOSO,

Petitioner,

v. Case No. 3:26-cv-2607-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

**ORDER**

Petitioner Osvaldo Martinez Cardoso, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 28, 2026. See generally Petition. Martinez Cardoso, a citizen of Cuba, was paroled into the United States on January 6, 2026. See id. at 1; Record of Deportable/Inadmissible Alien (Doc. 5-1) at 2. On August 9, 2026, United States Immigration and Customs Enforcement (ICE) detained Martinez Cardoso. Petition at 1. As relief, he seeks, inter alia, a bond hearing under 8 U.S.C. § 1226(a) or release. Id. at 2.

Martinez Cardoso argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border,

whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Martinez Cardoso, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Martinez Cardoso was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Martinez Cardoso's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Martinez Cardoso an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Martinez Cardoso, they shall provide him

[1] Because the Court finds that Martinez Cardoso is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Osvaldo Martinez Cardoso